**James DANIEL and Lynn Daniel,
Plaintiffs-Appellants,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 28463.**

United States Court of Appeals,
Fifth Circuit.

May 19, 1970.

---

Jess J. Yado, III, Gerald W. Nelson, Tampa, Fla., for plaintiffs-appellants.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Alan S. Rosenthal, Walter H. Fleischer, Attys., U. S. Dept. of Justice, Washington, D. C., for defendant-appellee.

Before GODBOLD, DYER and MORGAN, Circuit Judges.

PER CURIAM.

Appellants, James and Lynn Daniel, suffered personal injuries in an automobile accident which occurred on Interstate 4 in Tampa, Florida. In their action, brought under the Federal Tort Claims Act, 28 U.S.C.A. § 1346, 2671 et seq., they alleged that the automobile driven by Lynn Daniel was struck by another automobile which jumped a concrete traffic separator and that a proximate cause of the accident was the unsafe and inadequate design of the traffic separator. It was further alleged that the Secretary of Commerce had approved the plans and specifications for the highway notwithstanding the design was unsafe and inadequate and that this approval constituted operational negligence and therefore did not fall within the "discretionary function" exception to the Act, 28 U.S.C.A. § 2680(a). The complaint did not allege that the plans and specifications for Interstate 4 were prepared by the Government; that its construction was performed by the Government or its contractor; or that the highway was owned or controlled by the Government. The District Court granted a motion of the Government to dismiss the complaint based on the grounds that the claims asserted fell within the "discretionary function" exception to the Act. We affirm.

Under the Federal-Aid Highway Program, a State must submit to the Secretary proposed projects, which must meet his approval in order for the State to qualify for the assistance of federal funding. In approving the program the Secretary must consider whether the plans: "adequately meet the existing and probable future traffic needs and conditions in a manner conducive to safety, durability, and economy of maintenance"; "conform to the particular needs of each locality," 23 U.S.C.A. § 109 (a); and are designed "to accommodate the types and volumes of traffic anticipated." 23 U.S.C.A. § 109(b).

Since the statutory language pertaining to safety is but one of numerous standards which the Secretary must look to in determining whether or not approval is to be given to the design and specifications for a highway project, we are firmly convinced that this determination by the Secretary falls within the "discretionary function" exception to the Act.

This conclusion is compelled by the Supreme Court's decision in Dalehite v. United States, 1953, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427, where the court held that:

> * * * the 'discretionary function or duty' that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion.

*Id.* at 35–36, 73 S.Ct. at 968.

We agree with the Third Circuit's decision in Mahler v. United States, 3 Cir.

1962, 306 F.2d 713, cert. denied, 371 U.S. 923, 83 S.Ct. 290, 9 L.Ed.2d 231, that the determination by the Secretary to approve the plans and specifications for an interstate highway falls on the planning side of the planning-operation distinction drawn in *Dalehite*.

Affirmed.