**SEABOARD COAST LINE RAILROAD COMPANY, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

No. 72–2964
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 9, 1973.

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

Ira De Ment, U. S. Atty., Kenneth E. Vines, Asst. U. S. Atty., Montgomery, Ala., for defendant-appellant.

Walter R. Byars, Montgomery, Ala., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

GOLDBERG, Circuit Judge:

This is an appeal from an award of damages made pursuant to a finding that plaintiff-appellee, Seaboard Coast Line Railroad Company, had been injured by the negligent actions of defendant-appellant, the United States. The District Court found that plaintiff was injured by the government's negligent performance of an operational function and that the plaintiff could maintain its action under the Federal Tort Claims Act. We affirm.

On October 31, 1967 a train belonging to plaintiff derailed, damaging plaintiff's railroad tracks and cars and severely injuring one of plaintiff's employees. The accident occurred in an area abutting plaintiff's right-of-way where the government had constructed a drainage ditch in furtherance of the building of aircraft maintenance facilities at the United States Army Aviation Center, Fort Rucker, Alabama. Plaintiff commenced suit against the government under the Federal Tort Claims Act, alleging: (1) that the government's negligent design of the drainage system had injured plaintiff by causing diverted water to undermine the railroad right-of-way; and (2) that the diverted water constituted an actionable trespass and a nuisance.

The District Court, sitting without a jury, found that the actions of the government in designing the drainage system were negligent and that the floods resulting therefrom constituted an actionable trespass and a nuisance. Specifically, the District Court found that appellee failed to exercise reasonable care to avoid casting an unnatural concentration of water and ditch-filling mud on plaintiff's right-of-way. The District Court awarded plaintiff damages in the amount of $25,233.90.

The government brings this appeal, asserting as error: (1) that the District Court was clearly erroneous in finding the government negligent and in not

finding plaintiff contributorily negligent; (2) that even if the District Court was not clearly erroneous in finding the government negligent, the Federal Tort Claims Act does not authorize a finding of liability based upon negligent decisions made in the planning stage by engineers preparing plans and designs; and (3) that the Federal Tort Claims Act does not authorize suits based on theories of nuisance and trespass.

■ The District Court found that the government's negligent design of the drainage ditch was the proximate cause of plaintiff's injuries and that plaintiff's employees had not been contributorily negligent. Rule 52(a) of the Federal Rules of Civil Procedure mandates that we accept the fact findings of a District Court unless they are clearly erroneous. We have carefully considered the record before us, as we must, and we find that there is ample evidence to support the District Court's findings. Accordingly, those findings will not be disturbed. *See* United States v. United States Gypsum Co., 1948, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746.

■ The government next contends that even if the District Court's fact findings are not clearly erroneous, the District Court had no jurisdiction over plaintiff's complaint because government decisions concerning designs, plans, and specifications are within the discretionary function exception to the Federal Tort Claims Act.[1] In Dalehite v. United States, 1953, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427, the Supreme Court interpreted the words "discretionary function" as follows:

"It is unnecessary to define, apart from this case, precisely where discretion ends. It is enough to hold, as we do, that the 'discretionary function or duty' that cannot form a basis for a suit under the Tort Claims Act includes more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion."

346 U.S. at 35–36, 73 S.Ct. at 968, 97 L. Ed. at 1440–1441. Here, however, the District Court held that the negligent act was not a "discretionary function":

"This Court is of the opinion that the United States exercised its discretion by attempting the job, and once having done so, the United States was under a duty to perform with due care."

■ We think the District Court was neither clearly erroneous regarding the facts, nor in error in applying the law. The discretionary function envisioned by 28 U.S.C. § 2680(a) and by *Dalehite* was the government's policy decision to construct an aircraft maintenance facility at Fort Rucker and to build a drainage system in furtherance of that goal. Once the government decided to build a drainage ditch, it was no longer exercising a discretionary policy-making function and it was required to perform the operational function of building the drainage ditch in a non-negligent manner. United States v. Hunsucker, 9 Cir. 1962, 314 F.2d 98; *see,* Indian Towing Co. v. United States, 1955, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48; Rayonier, Inc. v. United States, 1957, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354; Costley v. United States, 5 Cir. 1950, 181 F.2d

---

1. 28 U.S.C. § 2680(a) provides:
   The provisions of this chapter and section 1346(b) of this title shall not apply to—
   (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

723; K. Davis, Admin.Law Supp. § 25.-08 (1971).[2]

We hold that the District Court correctly found that the government was liable to plaintiff under the Federal Tort Claims Act for damages caused by the government's negligent design of the drainage system. One basis for liability being sufficient to sustain the award, we do not reach the question of whether plaintiff was entitled to recover damages for nuisance and trespass. We affirm.

Affirmed.

2. Daniel v. United States, 5 Cir. 1970, 426 F.2d 281, relied on by the government, does not control this case. In *Daniel*, the District Court found that the government performed a discretionary function in approving State submitted plans and specifications for an interstate highway. In affirming, we specifically noted that "[t]he complaint did not allege that the plans and specifications for Interstate 4 were prepared by the Government; that its construction was performed by the Government or its contractor; or that the highway was owned or controlled by the Government." 426 F.2d at 282. All three of these characteristics are present in the case at hand.