Odell RAYFORD, Sr., et al.

v.

UNITED STATES of America.

No. 75–267–NA–CV.

United States District Court,
M. D. Tennessee,
Nashville Division.

Feb. 2, 1976.

Robert L. Echols, Nashville, Tenn., Kenneth B. Baim, Pine Bluff, Ark., for plaintiffs.

---

Charles H. Anderson, U. S. Atty., Nashville, Tenn., James P. Klapps, Trial Atty., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

MORTON, District Judge.

This action is brought against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq.*, to recover damages for personal injury and wrongful death resulting from an automobile accident on July 27, 1973. The accident allegedly occurred when plaintiffs' automobile struck the edge of a concrete island and traveled out of control into a bridge guardrail along a portion of interstate highway in the State of Tennessee.

Suit against the United States under the Federal Tort Claims Act is predicated upon the alleged negligent design, construction, approval and maintenance of the segment of Interstate Highways I–40 and I–24/65 involved in the accident.

The highways were constructed by the State of Tennessee as a Federal-Aid Highway funded pursuant to the provisions of 23 U.S.C. § 101, *et seq.*

The Government has filed a motion for summary judgment with affidavits attached, seeking dismissal of the complaint on two grounds. The first asserts that no private cause of action is created by the provisions of 23 U.S.C. § 101, *et seq.* The second is that the allegations of the complaint fall within the provisions of the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a).

Pretermitting the first question, the court determines that the Federal Tort Claims Act did not withdraw immunity for the alleged delinquencies specified in the complaint.

None of the cases cited by plaintiff in support of its position are apposite. All of them involve situations wherein the United States undertook to perform services of a *direct operational* nature (such as air traffic control, fire-fighting, buoy tending, and lighthouse operation). The relatively passive role of the United States under the Federal-Aid Highway Act is, by contrast, insufficient to bring it within the liability provisions of the Federal Tort Claims Act.

In accordance with the rationale of *Mahler v. United States*, 306 F.2d 713 (3rd Cir. 1962); *Daniel v. United States*, 426 F.2d 281 (5th Cir. 1970); *Delgadillo v. Elledge*, 337 F.Supp. 827 (E.D.Ark. 1972), this court concludes that the activities of the Secretary fall within the discretionary function exception of the Federal Tort Claims Act, 28 U.S.C. § 2680(a). This being so, the case must be dismissed. See also *Miller v. United States*, 522 F.2d 386 (6th Cir., 1975), affirming, D.C., 378 F.Supp. 1147.

An order will be entered dismissing this cause.