**FIRST NATIONAL BANK OF EFFINGHAM, Executor of the Estate of James S. Parker, Deceased, and Kevin S. Parker, Administrator of the Estate of Patricia S. Parker, Deceased, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 82–4130.

United States District Court, S.D. Illinois, Benton Division.

June 21, 1983.

Richard S. Kuhlman, Foss, Schuman & Drake, Chicago, Ill., James R. Harvey, Schniederjon, Weber & Harvey, Effingham, Ill., for plaintiffs.

Frederick J. Hess, U.S. Atty., East St. Louis, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is defendant's Motion to Dismiss and/or in the Alternative for Summary Judgment. In the Court's opinion, plaintiffs' complaint fails to state a claim upon which relief can be granted.

Plaintiffs bring this action under the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* In two separate counts, plaintiffs allege the following: James S. Parker and his wife Patricia S. Parker were killed while traveling southbound in an automobile on Illinois Highway 57. Their car left the roadway, with the left wheels striking a guardrail and the right side of the car striking a dirt berm, which together caused the car to catapult into the air against a concrete overhead support. The concrete support sheared off the top of the car killing its occupants. Highway 57, plaintiffs allege, "was designed, approved, constructed under the maintenance jurisdiction of and funded by Defendant United States of America." Consequently, plaintiffs allege that defendant, by virtue of promulgating design standards and approving safety devices installed on the highway, owed a duty to the Parkers to perform its function with reasonable care: "Defendant ... had ... a duty to design, approve, construct, and maintain the said road with reasonable care, and to make said road reasonably safe for persons driving on it." Plaintiffs allege that the road was not safe in the following respects: (1) the guardrail was designed improperly in that it failed to prevent vehicles from launching into the overhead concrete support; (2) the guardrail was negligently installed; and (3) the road was designed without sufficient space between the concrete overhead support and the sloped section of land. Plaintiffs, the Parkers' executors,

seek to hold defendant liable under § 1346(b) for its alleged negligence in designing, approving, constructing, and maintaining Highway 57.

A complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Kurek v. Pleasure Driveway & Park District,* 557 F.2d 580, 586 (7th Cir.1977). Clearly, plaintiffs' claim should be dismissed.

Defendant's argument is two-fold. First, it relies on *Mahler v. United States,* 306 F.2d 713 (3rd Cir.1962) and *Delgadillo v. Elledge,* 337 F.Supp. 827 (E.D.Ark.1972) for the proposition that given its passive role in highway construction, it owes no duty to the traveling public. Both cases analyze the text and purpose of the Federal-Aid Highway Act, 23 U.S.C. § 101 *et seq.* and conclude that the federal government's limited role in highway construction creates no duty of reasonable care to the general public. Second, defendant contends that by virtue of 28 U.S.C. § 2680, it is absolutely immune from civil liability. That provision states that § 1346(b) shall not apply to "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Defendant argues that its role of merely approving highway construction plans is a discretionary function, therefore, it cannot be found liable under § 1346(b).

Plaintiffs' response makes clear the legal theory of the complaint. They argue that *Mahler* was decided prior to enactment of the Highway Safety Act, 23 U.S.C. § 401 *et seq.,* which, they contend, dramatically alters defendant's role in regard to highway construction. That Act, *inter alia,* provides for the establishment of state highway safety programs, to be approved by the Secretary of Transportation and funded by

the federal government. 23 U.S.C. § 402(a) authorizes the Secretary to promulgate uniform standards to which the state safety programs should conform to qualify for funding and federal approval. *See* 23 U.S.C. § 402(a), (c). Highway design and maintenance is expressly within the Secretary's power to regulate. § 402(a). Pursuant to 23 U.S.C. §§ 109, 315, and 402, the Secretary has promulgated comprehensive regulation of the geometric and structural design and traffic control features of highways. *See* 23 C.F.R. § 625.3. It is to this uniform regulation the state safety programs should comply.

Based on defendant's more active role in highway construction, plaintiffs make two arguments. First, they contend that defendant now has an actionable duty to ensure that all proposed highway construction plans comply with the uniform standards set forth in 23 C.F.R. § 625.3 prior to approval. This duty is made clear by enactment of the Highway Safety Act, itself, which evinces a Congressional intent to protect the traveling public. Plaintiffs correctly point out that the *Mahler* decision relied heavily on the perception that the federal government's limited role under the Federal-Aid Highway Act was fashioned merely to ensure that federal funds were being spent wisely and efficiently; that limited role did not place upon the federal government the primary function of ensuring the safety of travelers. For this reason, the *Mahler* Court found no duty to the traveling public. Plaintiffs distinguish *Mahler* on the ground that legislation specifically tailored to ensure the safety of the traveling public—the Highway Safety Act—was not involved. Their argument suggests that an implied right of action exists against defendant for approving plans that violate the uniform standards promulgated by the Secretary. *But see Daye v. Commonwealth of Pennsylvania,* 344 F.Supp. 1337, 1349 (E.D.Pa.1972), *affirmed,* 483 F.2d 294, 299 (3rd Cir.1973) (The Third Circuit found, apparently categorically, that the Highway Safety Act, 23 U.S.C. § 40 *et seq.* did not create an implied cause of action "for personal injuries sustained as a result of a violation of the standards set forth therein or regulations promulgated thereunder.")

Second, plaintiffs contend that the "discretionary function" exception of 28 U.S.C. § 2680 is inapplicable. They submit that since the standards to which the state programs must comply are fixed and readily ascertainable, the Secretary exercises no discretion when determining whether construction plans should be approved. Some support can be found for this distinction between discretionary and nondiscretionary conduct for purposes of § 2680:

> Concisely stated, the rule is that if a governmental official in performing his statutory duties must act without reliance upon a fixed or readily ascertainable standard, the decision he makes is discretionary and within the exception of the Torts Claims Act. Conversely, if there is a standard by which his action is measured, it is not within the exception.

*Barton v. United States,* 609 F.2d 977 (10th Cir.1979). *See also Staton v. United States,* 685 F.2d 117 (4th Cir.1982); *Griffin v. United States,* 500 F.2d 1059 (3rd Cir.1974); *Ingham v. Eastern Air Lines, Inc.,* 373 F.2d 227 (2d Cir.1967). However, plaintiffs' misunderstanding of the Secretary's statutory responsibilities renders the distinction irrelevant.

Plaintiffs' second argument assumes that the Secretary has a nondiscretionary duty to reject any proposed plan which fails to comply with the uniform standards referred to in 23 C.F.R. § 625.3. The Secretary has no such duty. In fact, the text and legislative history of § 402 demonstrate that the Secretary has discretion to approve plans which do not comply with each uniform standard. Section 402(c) provides in part that: "Implementation of a highway safety program under this section shall not be construed to require the Secretary to require compliance with every uniform standard, or with every element of every uniform standard, in every state." 23 U.S.C. § 402(c). That sentence was added to § 402(c) in 1976 only to emphasize the Secretary's discretionary power to approve

plans. Legislative history of that provision is clear:

> Subsection (a) would also amend section 402 to make it clear that section 402 confers *broad discretionary* authority upon the Secretary with respect to approval of State highway programs, and that the Secretary is not compelled to require every State to comply with every uniform standard, or with every element of the uniform standard.

1976 U.S.Code Cong. & Ad.News 798, 819 (emphasis supplied). The inescapable conclusion is that the decision to approve a state safety program is discretionary. That is significant because § 2680 expressly prohibits tort suits based on the exercise of a discretionary function.

"[T]he purpose of the discretionary function exception is to prevent the courts from intruding, through the vehicle of torts suits, upon the decision making authority of the other branches of government. The exception is intended to 'protect the Government from liability that would seriously handicap efficient government operations.' *United States v. Muniz,* 374 U.S. 150, 163, 83 S.Ct. 1850, 1858, 10 L.Ed.2d 805 (1963)." *Estate of Callas v. United States,* 682 F.2d 613, 620 (7th Cir.1982). *See also Dalehite v. United States,* 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); *Emch v. United States,* 630 F.2d 523 (7th Cir.1980), *cert. denied,* 450 U.S. 966, 101 S.Ct. 1482, 67 L.Ed.2d 614 (1981). Given the purpose behind the discretionary function exception, it would be anomalous to premise liability under § 1346 on conduct that has been clearly delegated to the government's discretion. Allowing this suit would impermissibly intrude upon the Secretary's discretion. Consequently, the Court finds that defendant's approval of the plans to construct Highway 57, which allegedly violated uniform standards of safety, is not actionable under the Federal Torts Claims Act. The fact that such approval could be characterized as an abuse of discretion is irrelevant. "That statute [§ 2680] provides that if the act of the official is discretionary it is not actionable even though the discretion is abused." *Barton, supra,* 609 F.2d at 979.

The finding that defendant's liability cannot be premised under the Highway Safety Act leaves plaintiff with defendant's conduct performed under the Federal Aid Highway Act. Cases considering whether defendant can be liable under § 1346 for "negligently" approving highway construction plans under the Act uniformly find that the discretionary function exception applies. *See Mahler, supra; Daniel v. United States,* 426 F.2d 281 (5th Cir.1970); *Rayford v. United States,* 410 F.Supp. 1051 (M.D.Tenn.1976); *Delgadillo, supra.* All these decisions rely heavily upon the Supreme Court's view of the discretionary function exception:

> [T]he 'discretionary function or duty' that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion.

*Dalehite, supra,* 346 U.S. at 35–36, 73 S.Ct. at 967–968. This Court agrees with the Courts in *Mahler, Daniel, Rayford* and *Delgadillo* that defendant cannot be liable for approving highway construction plans under the Federal Aid Highway Act.

For the reason that all defendant's allegedly negligent conduct described in plaintiffs' complaint falls within the discretionary function exception, defendant's Motion to Dismiss is hereby GRANTED. Its alternative Motion for Summary Judgment is DENIED as moot. This case is hereby DISMISSED.

IT IS SO ORDERED.