Caroline P. **PAYNE**, Plaintiff-Appellant,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

No. 83–7121.

United States Court of Appeals,
Eleventh Circuit.

April 30, 1984.

J. Paul Whitehurst, Henley, Whitehurst & Shirley, P.C., Northport, Ala., for plaintiff-appellant.

Henry I. Frohsin, Asst. U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and KRAVITCH, Circuit Judges.

RONEY, Circuit Judge:

Caroline Payne filed suit against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C.A. § 1346(b), for losses incurred when dredging by the Corps of Engineers caused river bank erosion so that her land gave way and her home fell into the Tombigbee River. On summary judgment, the district court held that the FTCA's discretionary function exception, 28 U.S.C.A. § 2680(a), immunized the Government from liability. We affirm.

The Tennessee-Tombigbee Waterway Project was authorized by Congress on the Tombigbee and Tennessee Rivers of Alabama and Mississippi under the River and Harbor Act as approved July 24, 1946.

As a component of this project, the design for the Demopolis Lake Navigation Channel, to extend navigation between Demopolis, Alabama to the Tennessee River, was approved April 28, 1976. The overall purpose was to widen the channel and decrease the radii of certain river bends. Construction occurred from 1976 to 1978.

Plaintiff's home was located on the banks of the Tombigbee River in Green County, Alabama. Due to the dredging and widening of a bend immediately upstream, her home sustained damage from high water and the river bank was eroded up to and including the land under her house. Eventually her home collapsed into the river. Plaintiff asserts the negligent redesign of the course of the Tombigbee River caused her damage.

For the purpose of this appeal, the controlling facts are clear. The Corps of Engineers knew that some sloughing and erosion might cause some encroachment in certain areas, but decided the cost of conducting studies to identify these areas would exceed the cost of any after-the-fact acquisition that might be required. The Government conceded that it did not conduct studies that would have revealed the potential damage to the plaintiff's property. The Government conceded for the purposes of the summary judgment motion that the damage would not have occurred but for the widening of the bend. The Government knew some damage would occur but it did not know where it would occur. The plaintiff conceded that the work in widening the bend was done in accordance with the design as finally approved. There is no evidence that, if the bend were widened, any change in design or construction would have avoided the later damage to the plaintiff's property.

The issue on appeal is whether the district court erred in holding that the Government's decision to not conduct the studies to determine potential damages is a discretionary, rather than an operational, decision so that it is excepted by 28 U.S.C.A. § 2680(a), thereby precluding liability under 28 U.S.C.A. § 1346(b).

§ 2680(a) provides that the United States cannot be sued under the Federal Tort Claims Act for acts "based upon the exercise or performance or failure to exercise or perform a discretionary function ... whether or not the discretion involved be abused."

*Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953) is a leading case that set guidelines for deciding the difference between a discretionary function and an operation decision. That case arose out of the Texas City disaster of 1947 in which vessels containing amonium nitrate fertilizer exploded. The explosion was made the basis of some 300 separate personal and property claims because the Government had controlled the fertilizer as part of an export plan. The Supreme Court in construing the discretionary function provision in *Dalehite* stated that it covers "all employees exercising discretion", that the discretion referred to includes "the discretion of the executive or the administrator to act according to one's judgment of the best course", and that "where there is room for policy judgment and decision, there is discretion". 346 U.S. at 33–36, 73 S.Ct. at 966–968. The Court held that the discretionary function "includes more than the initiation of programs and activities. It includes determinations made by executives or administrators in establishing plans, specifications or schedules or operations". 346 U.S. at 35–6, 73 S.Ct. at 967–68. The acts of subordinates "in carrying out the operations of Government in accordance with official directions cannot be actionable." 346 U.S. at 36, 73 S.Ct. at 968. In *Dalehite* the Court held that the decisions to adopt the fertilizer export program and to control various phases of manufacturing, packaging, labeling and shipping of the ·product were all responsibly made in the exercise of judgment of the planning, rather than operational level, and were held to be discretionary functions. 346 U.S. at 37–42, 73 S.Ct. at 969–971.

The Fifth and Eleventh Circuits have followed the guidelines of *Dalehite* in *Sellfors v. United States*, 697 F.2d 1362 (11th Cir. 1983); *Payton v. United States*, 679 F.2d 475 (5th Cir. Unit B 1982); *Daniel v. United States*, 426 F.2d 281 (5th Cir.1970); and *Smith v. United States*, 375 F.2d 243 (5th Cir.1967). In *Daniel v. United States*, 426 F.2d 281 (5th Cir.1970), the court ruled that Government approval of the design and specifications for a highway project was discretionary. "[D]eterminations made by executives or administrators in establishing plans, specifications or schedules of operations" are discretionary function exceptions. 426 F.2d at 282 (quoting *Dalehite v. United States*, 346 U.S. 15, 35–36, 73 S.Ct. 956, 967–968, 97 L.Ed. 1427 (1953)).

In this Circuit's recent decision of *Sellfors v. United States*, 697 F.2d 1362 (11th Cir.1983), a widow sued the Government for damages due to the loss of her husband's life when his aircraft ingested birds on take-off at an AADA funded county airport. In reference to the hazardous condition caused by the presence of birds near the runway, this Court held that the "[w]eighing (of) the governmental interest in insuring the most efficient use of federal funds against such remedies as closing down the airport or instituting other legal sanctions and deciding in favor of a less antagonistic approach clearly constitutes the type of discretion reflected in the history of the FTCA". 697 F.2d at 1368. These omissions to warn fell within the discretionary function of § 2680(a). This Court held that the Secretary of Labor "was acting as a governmental policy-maker in his decision to apply negotiation and diplomacy rather than legal measures". 697 F.2d 1368.

Under these guidelines, the district court was correct in holding the decision not to conduct extensive studies fell within the discretionary function exception to tort liability. The Government must make fundamental decisions upon undertaking public works projects. Inherent in projects of the magnitude of navigation and flood control are decisions to alter water courses, to widen rivers and to build dams. The modification of the Tombigbee River necessitated widening and straightening bends that were too sharp for the capacity of traffic contemplated for the river. One of the

bends was upstream from the plaintiff's property. The decision to alter the water course at this point in the river was a part of the overall decision to improve navigation on this river. Whether to conduct a study to determine where specific injury to property might occur was inherent in the policy and planning decision to redesign the waterway and, as such, was a discretionary function of the type exempt from review under the Federal Tort Claims Act.

*Indian Towing Co. v. United States*, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955), and *Seaboard Coast Line Railroad Co. v. United States*, 473 F.2d 714 (5th Cir.1973), relied on by plaintiff, involved negligence at the *operational function* level which is clearly outside the exception of § 2680(a). In *Indian Towing Co.*, the Supreme Court held that the negligent maintenance of a lighthouse was an operational function, subject to liability under FTCA. In *Seaboard Coast Line Railroad*, the court of appeals upheld the district court's findings that the building of a drainage ditch was at the operational level.

The cases addressing safety of the public do not fit the facts of this action. *Hatahley v. United States*, 351 U.S. 173, 76 S.Ct. 745, 100 L.Ed. 1065 (1956), does not apply because there the federal agents were not performing a discretionary function or duty in committing a wrongful trespass.

Although the plaintiff has no cause of action under the Federal Torts Claims Act, her remedy for inverse condemnation is in The Court of Claims pursuant to the Tucker Act. 28 U.S.C.A. § 1491. Her claim pursuant to the Tucker Act was dismissed without prejudice in that the requested damages exceeded the statutory maximum for the district court. 28 U.S.C.A. § 1346 (a)(2).

AFFIRMED.