George H. EDWARDS, Sr., and Laura Edwards, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 86–3441.

United States District Court, S.D. Illinois.

Oct. 21, 1986.

Pearson C.J. Bush, East St. Louis, Ill., for plaintiffs.

Ralph Friederich, Asst. U.S. Atty., for defendant.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

Initially, it is Ordered that plaintiffs' petition is amended to show United States of America as the proper defendant, striking the U.S. Department of Internal Revenue Service.

The plaintiffs filed a petition May 9, 1986, for the return of a Mercedes-Benz that was seized from the plaintiffs' son April 15, 1985, due to the son's failure to pay taxes. The plaintiffs contend the car belongs to them and not to their son. The issue before the Court is whether the plaintiffs have filed their petition within the time allowed by 26 U.S.C. Sec. 6532(c).

The United States of America has filed a motion to dismiss, and in the alternative a motion for summary judgment. Because the Court must look to the affidavit of plaintiff, Laura Edwards, to determine whether the plaintiffs have filed their petition in time, the Court must treat the government's motion as a motion for summary judgment. Fed.R.Civ.P. 12. Movant must show there is no genuine issue of any material fact and that it is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. The Court must view the evidence, and with reasonable inferences drawn in the light most favorable to the party opposing summary judgment, find a lack of a genuine issue of material fact, and that movant is entitled to judgment in its favor as a matter of law. *International Administrators, Inc. v. Life Insurance Co. of North America*, 753 F.2d 1373, 1378 (7th Cir.1985).

Once the moving party has met this burden, the opposing party must assert the existence of material fact. To do this, the non-movant must set forth specific facts showing there is a genuine issue of fact. *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.) *cert. denied.* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). Further, the disputed fact must be material, that is, outcome determinative. *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.) (en banc), *cert. denied*, 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983).

■ In this case, the government states that a petition to return wrongfully levied property by an owner other than the taxpayer must be filed within nine months of the levy. 26 U.S.C. Sec. 6532(c)(1). This nine month filing period may be extended by the claiming party filing a request, in which case the filing period is extended for a period of twelve months from the filing of the request. 26 U.S.C. Sec. 6532(c)(2).

This request, however, must be in writing, and comply with all the other provisions of 26 C.F.R. Sec. 301.6343–1(b) (1986).

■ To determine whether there was such a compliance, we must look to the record, and particularly to the affidavit of plaintiff, Laura Edwards. Plaintiffs contend that a written request was made when plaintiffs exhibited a bill of sale to Fred Moser, a Revenue Officer in the Collection Division of the Office of the District Director of the Internal Revenue Service. However, merely showing a bill of sale or title to a revenue officer does not raise it to the dignity of a "written request", as defined by 26 C.F.R. Sec. 301.6343–1(b)(2) (1986). That regulation requires a written request addressed to the District Director of the Internal Revenue Service. Clearly, showing a written document such as a title or bill of sale to an I.R.S. official cannot be considered a written request for the return of levied property.

■ Secondly, plaintiffs state the I.R.S. had a duty to tell them that their oral requests would not toll the filing period, citing 26 C.F.R. Sec. 301.6343–1(b)(3) (1986).

However, this section deals only with written requests as defined in 26 C.F.R. Sec. 301.6343–1(b)(2) (1986). Because neither the plaintiffs' petition, their memorandum in opposition to the motion for summary judgment, nor Mrs. Edwards' affidavit state that a written request was made to the District Director, 26 C.F.R. Sec. 301.-6343–1(b)(3) (1986) is not applicable here.

The government has met its burden by showing that the filing period in this case is nine months, and that the plaintiffs' complaint was not filed until approximately thirteen months after seizure of the disputed property. The plaintiffs have failed to set forth specific facts showing why the filing period should be extended. The government has shown there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

For these reasons, defendant's Motion for Summary Judgment is GRANTED. The Court directs the Clerk to enter judgment for the defendant and against the plaintiffs.

IT IS SO ORDERED.