**John L. STEVENS and Mitchell H. Stevens, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 1:93–CV–483.

United States District Court, W.D. Michigan.

March 23, 1994.

Mitchell H. Nelson, Grand Haven, MI, for plaintiffs.

Daniel M. LaVille, Asst. U.S. Atty., Michael H. Dettmer, U.S. Atty., Grand Rapids, MI, Doris D. Coles, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

## OPINION

BENJAMIN F. GIBSON, Chief Judge.

This matter is before the Court on defendant United States of America's motion to dismiss pursuant to Federal Rule of Civil Procedure 12. For the reasons stated below, the defendant's motion is granted.

### I.

Although the parties have characterized them differently, the facts pertaining to this motion are essentially not disputed. As of April 1989, the Internal Revenue Service had assessed unpaid federal tax liabilities against John Peacock in an amount in excess of four hundred thousand dollars ($400,000). About that same time, Robert Schermer sued John Peacock in Kent County Circuit Court to dissolve their partnership. John Peacock then counterclaimed against Schermer. About the time of this counterclaim, Peacock entered into a "joint venture agreement" with John Stevens which purported to assign some of his interests in the proceeds of the law suit (twenty-one and two-thirds percent of the proceeds) to John Stevens in exchange for Stevens financing the lawsuit. John Peacock was initially represented in the lawsuit by Mitchell Nelson. Nelson's role as trial counsel for Peacock ended after the jury hearing the case failed to return a verdict in March 1991. In September 1991, Stevens provided an additional $15,000 in funding to Peacock for the law suit in exchange for Peacock's agreement that Stevens would receive fifty percent of the net proceeds of the law suit (after attorney fees).

According to the government, it perfected its tax liens against John Peacock's personal property by filing notices of tax liens as required by Title 26 United States Code Section 6323(f) in January 1992. Subsequently, attorney John Anding represented Peacock in a second trial in July 1992, at which time the jury awarded Peacock a judgment in the amount of $223,240. On September 9, 1992, Schermer satisfied this judgment by depositing the judgment amount[1] with the Kent County Friend of the Court's office.

Shortly thereafter, at the request of John Anding's law firm, the Kent County Circuit Court (Judge Buth) approved the release of $138,787.92 to Anding's law firm as reasonable attorney fees in connection with that matter. Then, on September 14, 1992, the I.R.S. filed a notice of tax levy relating to John Peacock with the Kent County Friend of the Court. About the same time, Mitchell Nelson filed a motion to recognize a charging lien for his attorney services in the action. On September 23, 1992, the circuit court responded to the levy by releasing the balance of the funds ($153,814.61) to the I.R.S. After the funds were released, the circuit court recognized Nelson's charging lien in the amount of $20,000 by order of September 30, 1992.

Although Nelson apparently had discussions with and correspondence to Assistant United States Attorney Daniel Laville relating to his charging lien (which correspondence was copied to I.R.S. agent Terry Zable), he did not file a claim requesting return of the property with the Internal Revenue Service. He did, however, file a claim for John Stevens on May 17, 1993, requesting return of Stevens' share of the judgment proceeds. When Stevens' request was not promptly granted by the I.R.S., Nelson filed this action on June 23, 1993, to ask for return of the monies to himself and Stevens.

The government's motion now argues that the Court lacks subject matter jurisdiction to consider plaintiff Nelson's claims because he

---

1. The amount paid to satisfy the judgment is higher than the verdict due to statutory interest and allowed taxable costs.

did not file his action within the limitations period.[2]

## II.

■ This motion is made pursuant to Rule 12(b)(1) for dismissal due to lack of jurisdiction. As to the motion, the plaintiff bears the burden of establishing federal jurisdiction. *Ohio National Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir.1990); *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir.1986). Whether plaintiff meets this burden is an issue to be decided by the Court, and not the jury, based on the evidence submitted from the parties. *Ohio National Life, supra*, at 325; *Schmitz v. United States*, 796 F.Supp. 263, 265 (W.D.Mich. 1992).

## III.

■ Defendant's argument rests on the construction of Title 26 United States Code Section 6532. The Court notes that since this limitations section allows for suit against a sovereign its requirements are jurisdictional. *See Ohio National Life Ins., supra*, at 324.

■ To meet the jurisdictional requirements of section 6532, a claimant (other than a taxpayer) must file suit within nine months from the date of an improper levy. *See* 26 U.S.C. § 6532(c)(1). However, if the claimant files a "request for return of property" the time period for filing suit is extended for a period not to exceed 12 months. *See* 26 U.S.C. § 6532(c)(2). The regulations for filing such a request explicitly state that an inadequate request does not extend the limitation period. *See* Treas.Reg. § 301.6532–3. To meet these strict requirements, the request must be addressed to the district director of the I.R.S. and contain basic information about the disputed levy. *See* Treas. Reg. § 301.6343–1. Thus, the Ninth Circuit has held that when written documents relating to a levy were presented to an I.R.S. agent, but not the district director, the claimant was not entitled to the extension. *Winebrenner v. United States*, 924 F.2d 851, 856

(9th Cir.1991). *See also Edwards v. United States*, 657 F.Supp. 36, 37 (S.D.Ill.1986); *Amwest Surety Ins. Co. v. United States*, 93–2 U.S.Tax Cas. (CCH) ¶ 50,439, 1993 WL 355451 (S.D.Ind.1993).

■ In the instant case, the suit was filed nine months and nine days after the notice of levy was served. Thus, it is untimely under section 6532 unless plaintiff Nelson is entitled to an extension or equitable tolling of the limitations period. Nelson is entitled to neither. The paperwork he filed on his own behalf was filed with an Assistant United States Attorney and service agents of the I.R.S., but not with the district director. Accordingly, it did not meet the strict requirements for an extension under the section.

Furthermore, plaintiff Nelson is not entitled to equitable tolling of the statutory period. Such tolling has been allowed by the courts only in rare cases. As the Sixth Circuit has noted:

"Ordinarily the United States is not estopped by acts of individual officers and agents. At the very minimum some affirmative misconduct by a government agent is required as a basis of estoppel."

*State Bank of Fraser v. United States*, 861 F.2d 954, 961 (6th Cir.1988) (quoting *United States v. River Coal Co.*, 748 F.2d 1103, 1108 (6th Cir.1984)). Moreover, even where the government has affirmatively mislead a claimant, estoppel will apply only when the claimant's reliance on the government's actions was reasonable. *State Bank of Fraser, supra*. In this case, plaintiff Nelson has not submitted proof sufficient to establish that the I.R.S. affirmatively mislead him as to the extension filing requirements. He merely states in his affidavit that he informed the I.R.S.'s attorney and I.R.S. service agents of his claim and that they did not indicate to him any further need to file forms. This is not sufficient evidence that he was affirmatively mislead by the government. *See River Coal, supra; Uddin v. Internal Revenue Service*, 93–2 U.S.Tax Cas. (CCH) ¶ 50,598, 1993 WL 528156 (E.D.N.Y.1993); *Maple Lane Farms v. United States*, 82–2 U.S.Tax Cas.

---

**2.** As stated in its reply brief, the defendant has withdrawn the portion of its motion requesting

summary judgment against plaintiff Stevens.

(CCH) ¶ 9,661, 1982 WL 1695 (D.Vt.1982). Even assuming that Nelson had such evidence, his reliance would not have been reasonable because as an attorney he knew that he was required to comply with the regulations as demonstrated by the fact that he assisted Stevens in obtaining an extension.

Therefore, the Court concludes that it lacks subject matter jurisdiction to consider Nelson's claim against the defendant.

## IV.

In accordance with this Court's Opinion, the Court shall enter an appropriate order dismissing plaintiff Nelson's claims due to lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).