Michael J. ROTHROCK and Edelle Rothrock, Plaintiffs,

v.

The UNITED STATES of America, By and Through the UNITED STATES DEPARTMENT OF TRANSPORTATION AND the FEDERAL HIGHWAY ADMINISTRATION, Defendant.

No. IP 94–1026 C.

United States District Court, S.D. Indiana, Indianapolis Division.

Nov. 17, 1994.

Peter Campbell King Cline King & King P.C., Columbus, IN, for plaintiffs.

Elizabeth A. Russell, Paul F. Figley, Torts Branch, Civ. Div. U.S. Dept. of Justice, Washington, DC, Judith A. Stewart, Sue Hendricks Bailey, Indianapolis, IN, for defendant.

## MEMORANDUM ENTRY

BARKER, Chief Judge.

This matter is before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion is granted and Plaintiffs' claims are dismissed with prejudice. Additionally, in light of the dismissal, Defendant's motion for protective order staying discovery is denied as moot.

## I. BACKGROUND

Plaintiff Michael Rothrock ("Michael") was injured in an automobile accident that took place on November 7, 1991, while he was driving in the northbound lane of Interstate 65 in Bartholomew County, Indiana. Plaintiffs allege that Michael's injuries were caused by the absence of guardrails on the north exit of a highway bridge north of mile marker 76 on Interstate 65 (the "Bridge"). Plaintiffs claim that guardrails at the Bridge

are necessary because of "the severe slope and embankment adjacent to [the highway]."

Plaintiffs bring the instant case seeking damages under the Federal Tort Claims Act ("FTCA"). Plaintiffs allege that the Bridge was built with federal funds and the "Federal Government had a duty to oversee the construction and maintenance of Interstate 65, including the [Bridge,] .... through the Federal Highway Administration." Plaintiffs further contend that the "Federal Government is also responsible for oversight, approval and maintenance of any subsequent changes made to Interstate 65, including the improper removal of guardrails along [the Bridge]." Plaintiff Michael Rothrock seeks medical expenses (past and future), lost wages (past and future), and damages for lost quality of life. Plaintiff Edelle Rothrock, Michael's wife, seeks damages for the loss of the service, society, and consortium of her husband.

## II. DISCUSSION

Defendant argues that Plaintiffs' Complaint should be dismissed because, *inter alia*, this Court lacks subject matter jurisdiction over Plaintiffs' claims. It is axiomatic that the United States as sovereign is immune from suit except to the extent it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). The FTCA, which provides a remedy against the United States for the torts of its officers and employees, is a statutory waiver of sovereign immunity. *United States v. Orleans*, 425 U.S. 807, 813, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976). The FTCA states that the district court shall have subject matter jurisdiction over claims against the United States:

for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment....

28 U.S.C. § 1346(b). However, Section 2680(a) of the FTCA excepts government liability (and district court subject matter jurisdiction) for:

[a]ny claim based upon an act or omission of an employee of the Government, exer-

cising due care, in the execution of a statute or regulation ... or based upon the exercise of performance or the failure to exercise or perform a *discretionary function* or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a) (emphasis added).

▉ Defendant contends that this Court lacks subject matter jurisdiction over Plaintiffs' Complaint because Plaintiffs' claims fall within this so-called "discretionary function" exception to the FTCA. The application of the discretionary function exception has been the subject of a number of cases. *See United States v. Gaubert*, 499 U.S. 315, 322, 111 S.Ct. 1267, 1273, 113 L.Ed.2d 335 (1991); *Berkovitz v. U.S.*, 486 U.S. 531, 537, 108 S.Ct. 1954, 1959, 100 L.Ed.2d 531 (1988); *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984); *Indian Towing Co. v. U.S.*, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955); *Dalehite v. U.S.*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). Most recently, in *Gaubert*, the Supreme Court organized the holdings of these cases and restated the analysis of whether an activity is a discretionary function as a two part test. First, the act in question must be "discretionary," involving "an element of judgment or choice." *Gaubert*, 499 U.S. at 322, 111 S.Ct. at 1273; *see also Employers Ins. of Wausau v. U.S.*, 27 F.3d 245, 247–48 (7th Cir.1994). In order for this requirement to be satisfied, the government employee must be acting pursuant to a statute, regulation, or policy which leaves the employee with discretion or choice, rather than a mandated course of action which leaves the employee with "no rightful option but to adhere to the directive." *See Gaubert*, 499 U.S. at 322, 111 S.Ct. at 1273 (quoting *Berkovitz*, 486 U.S. at 536, 108 S.Ct. at 1958–59). Second, even if the challenged conduct involves an element of judgment, it must be the sort of judgment the discretionary function exception was designed to protect, namely decisions and conduct "based on considerations of public policy." *Id.* 499 U.S. at 322–23, 111 S.Ct. at 1273–74.

For a complaint to survive a motion to dismiss based upon the discretionary function exception, "it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Gaubert*, 499 U.S. at 324–25, 111 S.Ct. at 1275. When applicable guidelines allow a government agent to exercise discretion, it must be presumed that the agent's actions are based on considerations of such guidelines or policies:

> [w]hen established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion.

*Id.* at 324, 111 S.Ct. at 1274. Therefore, the focus in the instant case must be the role of the United States Department of Transportation/Federal Highway Administration in approving the highway plans for the Bridge and the continuing duty with respect to maintaining any standards.

Plaintiffs argue that Defendant is bound to strictly enforce certain mandatory regulations to implement the Federal–Aid Highway Act, 23 U.S.C. § 101 *et seq.*, without room for discretion. In support of this position, Plaintiffs and their expert, Robert E. Stammer, Jr., Ph.D., direct the Court to certain provisions of the Code of Federal Regulations relating to specifications for the designs of highways:

> (a) The standards, policies, and standard specifications contain specific criteria and controls for the design of highways. Deviations from specific minimum values therein are to be handled in accordance with procedures in paragraph (f) of this section. If there is a conflict between criteria in the documents enumerated in § 625.4 of this part, the latest listed standard, policy, or standard specification will govern.
>
> (c) Application of FHWA regulations, although cited in § 625.4 of this part as standards, policies, and standard specifications, shall be as set forth therein.

23 C.F.R. § 625.3(a), (c). Thus, Plaintiffs contend, any deviation from a standard, policy, or standard specification as set forth in 23 C.F.R. § 625.4, such as insufficient guardrails on the Bridge, constitutes an actionable wrong under the FTCA.

While 23 C.F.R. § 625.4 does provide some specific criteria, Defendant is not bound to them as mandatory standards:

> [w]hile portions of the standards, specifications, policies, and guides deal with the specifics of engineering criteria for highways, they are not prescribed as mandatory standards ... but are instead part of the overall regulatory scheme involving policy decisions and competing considerations.

*Miller v. U.S.*, 710 F.2d 656, 666–67 (10th Cir.), *cert. denied*, 464 U.S. 939, 104 S.Ct. 352, 78 L.Ed.2d 316 (1983). The Code of Federal Regulations makes Defendant's discretion clear:

> (f) Exceptions.
>
> (1) Approval within the delegated authority ... may be given on a project basis to designs which do not conform to the minimum criteria as set forth in the standards, policies, and standard specifications for:
>
> (i) Experimental features on projects; and
>
> (ii) projects where conditions warrant that exceptions be made.
>
> (2) The determination to approve a project design that does not conform to the minimum criteria is to be made only after due consideration is given to the all project conditions such as maximum service and safety benefits for the dollars invested, compatibility with adjacent sections of roadway and the probably time before reconstruction of the section due to increased traffic demands or changed conditions.

23 C.F.R. § 625.3(f). Thus, Defendant is actually directed to consider and balance many public policy factors when passing on all aspects of highway design and maintenance. *Baum v. U.S.*, 986 F.2d 716 (4th Cir.1993) (decisions regarding design and construction of guardrail system, as well as maintenance of system, fall within discretionary exception); *Miller*, 710 F.2d at 666–67; *Daniel v. U.S.*, 426 F.2d 281, 282 (5th Cir.

1970) (planning for highway safety is discretionary function); *see also First Nat'l Bank of Effingham v. U.S.*, 565 F.Supp. 119, 121–22 (S.D.Ill.1983) (discussing legislative history which emphasizes Defendant's discretionary power in approving highway plans); *Rayford v. U.S.*, 410 F.Supp. 1051, 1052 (M.D.Tenn.1976) ("[t]he relatively passive role of the United States under the Federal–Aid Highway Act is ... insufficient to bring it within the liability provisions of the [FTCA]").

## III. CONCLUSION

The role of Defendant in the design and maintenance of the stretch of highway including the Bridge clearly brings Defendant within the discretionary function exception to the FTCA. Therefore, this Court lacks subject matter jurisdiction over Plaintiffs' Complaint, Defendant's motion to dismiss is granted, and Plaintiffs' claims are dismissed with prejudice. Additionally, in light of the dismissal, Defendant's motion for protective order staying discovery is denied as moot.

It is so ORDERED.